# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

TOTALENERGIES MARKETING
PUERTO RICO CORP.,

     **Plaintiff,**

     **v.**                                  **Civil No. 23-1566 (ADC)**

TEODORO RIVERA-ROBLES, ET AL.,

     **Defendants.**

## OPINION AND ORDER

Pending before the Court is United States Magistrate Judge Giselle López-Soler's Report and Recommendation ("R&R") recommending that the Court issue a preliminary injunction in favor of plaintiff TotalEnergies Marketing Puerto Rico Corporation ("TEMPR"). *See* **ECF No. 64**. Defendants Helechal Gas Station, Inc. ("Helechal") and Marilyn Ferai-Haifa (together with Helechal, the "Helechal defendants") filed objections to the R&R. **ECF No. 65**.[1] TEMPR responded to the objections. **ECF No. 66**.

For the reasons set forth below, defendants' objections are **OVERRULED** and the R&R is **ADOPTED** in whole.

---

[1] The Helechal defendants titled their objections "Motion in Opposition to Report and Recommendation Issued by U.S. Magistrate Judge a[t] Docket 64."

## I.      Factual and Procedural Background

The substantial background of this case to date is adequately contained in the Magistrate Judge's R&R and needs no repetition here. *See* R&R, **ECF No. 64** at 2-5. The Court will only highlight certain factual and procedural aspects of the case that occurred prior to and after the Court's referral of the motion for preliminary injunction for report and recommendation. The Court will also summarize the Magistrate Judge's relevant findings and recommendations and the parties' positions thereto.

### A.  The Parties' Positions before the R&R.

The verified complaint filed by TEMPR on November 9, 2023, alleges that the Helechal defendants, along with co-defendants Teodoro Rivera-Robles, Neida Blanco-Rivera, and their Conjugal Legal Partnership, incurred in violations of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, *et seq.*, the Lanham Act, 15 U.S.C. § 1051 et seq., and Articles 1168, 1221, and 1222 of the Puerto Rico Civil Code, Act No. 55 of June 1, 2020, codified as 31 L.P.R.A. § 5311, *et seq.* **ECF No. 1**. TEMPR essentially alleges that the Helechal defendants misused TEMPR's "TOTALENERGIES" mark and are in breach of certain franchise agreements subject to the PMPA related to the operation of a gas station in Barranquitas, Puerto Rico, owned by the other defendants in this case.

TEMPR moved for both a temporary restraining order and a preliminary injunction. **ECF No. 2**. This Court granted in part TEMPR's request and prohibited Helechal from, among other things, "using, altering, manipulating or removing the TOTALENERGIES Brand, trademarks,

color patterns, trade dress emblems or other identifications…" and "using, altering, removing or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products located at the gas station…." **ECF No. 11** at 6.[2] The matter was then referred to the Magistrate Judge for a report and recommendation on TEMPR's request for a preliminary injunction. *Id.*, at 7.

On December 7, 2023, the Magistrate Judge held what was to be an evidentiary hearing to consider TEMPR's request for a preliminary injunction. *See* R&R, **ECF No. 64** at 1. During the hearing, TEMPR "informed that it would submit the matter on the briefs," whereas the Helechal defendants elected not to present any testimony. *Id.*, at 1. Instead, the Helechal defendants would rely on their previously filed motion to dismiss and later filed a reply expanding on their arguments. *Id.*, at 1-2; **ECF Nos. 23** and **55**.

---

[2] The full scope of the temporary restraining order was:

> [I]t is hereby ORDERED that Helechal Gas Station, Inc.:
> 1. Is temporarily enjoined from using, altering, manipulating or removing the TOTALENERGIES Brand, trademarks, color patterns, trade dress emblems or other identifications;
> 2. Is temporarily enjoined from using, altering, removing or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products located at the gas station;
> 3. Shall immediately allow TEMPR or its designated agents to take all measures necessary in order to comply with federal and local environmental and safety laws and regulations in connection with the operation and maintenance of the station and the underground tanks;
> 4. Shall not obstruct or otherwise hinder TEMPR's temporary rights as delineated in this Order;
> 5. Shall provide to TEMPR copy of all permits issued by administrative agencies or governmental instrumentalities and account number and copies of invoices for utility services required to operate the gas station and required to facilitate a possible future orderly transition to TEMPR and avoid unnecessary operational interruptions.
> 6. TEMPR shall give security or post bond in the amount of $10,000.00 pursuant to Fed. R. Civ. P. 65(c).

ECF No. 11 at 6-7.

The Helechal defendants' arguments in opposition to the request for preliminary injunction (which double as their arguments for dismissal), boiled down to two assertions. First, that the Court lacked subject-matter jurisdiction over the dispute because the complaint only alleged a breach of contract dispute under the laws of the Commonwealth of Puerto Rico. **ECF No. 23** at 2-6. Second, that the Court should in any case abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) because of the existence of a parallel proceeding initiated by Helechal in the Commonwealth of Puerto Rico Court of First Instance, Caguas Part. **ECF No. 55** at 5-10.[3]

### B.  The Magistrate Judge's R&R.

The Magistrate Judge issued her R&R on January 25, 2024. **ECF No. 64.** There, the Magistrate Judge considered both arguments together and rejected them. She first held that the allegations in the verified complaint facially evinced the presence of federal questions in the form of claims for trademark infringement and dilution under the Lanham Act and for declaratory judgment pursuant to the PMPA. *See* R&R, **ECF No. 64** at 6. She then held that the existence of a prior state court action commenced by Helechal did not deprive the Court of its jurisdiction. *Id.* (citing *Maldonado-Cabrera v. Angero-Alfaro*, 26 F.4th 523, 527 (1st Cir. 2022) and *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.2d 109, 114 (1st Cir. 2012)). And as to the request

---

[3] Recently, TEMPR informed the Court that the Commonwealth court case styled *Helechal Gas Station, Inc. v. Teodoro Rivera Robles, et al.*, Civ. Núm. CG2023CV02990, has been dismissed without prejudice. *See* **ECF No. 71** at 3-4. Nevertheless, the Court cannot take notice of said dismissal as the document filed in support is in Spanish, 48 U.S.C. § 864; L. Civ. R. 5(c), and the information was included in a reply filed without leave of Court. *See* L. Civ. R. 7(c).

for a *Younger* abstention, the Magistrate Judge reasoned that the Helechal defendants "ha[ve] not explained how the state court proceeding would be suitable to address" TEMPR's claims under the Lanham Act and the PMPA. *See id.,* at 7. The Magistrate Judge further noted that the Commonwealth court case is principally a breach of contract claim between the Helechal defendants and the other codefendants, and "[a]s such, the only potential claim pending in state court against TEMPR would be one for extra contractual damages under the Puerto Rico Civil Code." *Id.,* at n. 5. For these reasons, it concluded that abstention under *Younger* was unwarranted.

As to TEMPR's request for injunction, the Magistrate Judge began by noting that the request was factually unopposed by the Helechal defendants. *Id.,* at 8. Nonetheless, the Magistrate Judge proceeded to evaluate the request under the traditional four-part test utilized in the First Circuit. *Id.,* at 8 (citing *Coquico, Inc. v. Rodríguez-Miranda,* 562 F.3d 62, 66 (1st Cir. 2009)). Firstly, the Magistrate Judge found that TEMPR had established a likelihood of success on both its PMPA claim and its trademark infringement and dilution by tarnishment claims under the Lanham Act. *Id.,* at 8-13. As to the PMPA claim, the Magistrate Judge concluded that it was reasonable to assume that TEMPR had a right to terminate its franchise agreements with the Helechal defendants and to regain possession of the gas station due to the latter's election not to renew them. *Id.,* at 10. The Magistrate Judge further noted that the Helechal defendants failed to explain how they had any right to retain possession of the gas station post-termination, or how their parallel agreement with the gas station owners, which is the subject of the

Commonwealth court case, could impede TEMPR from exercising its lease renewal rights with said owners. *Id.* As to the Lanham Act claims, the Magistrate Judge found that TEMPR had shown that it was entitled to trademark protection and that it had established a strong likelihood of trademark confusion. *Id.*, at 11-13.

Regarding the risk of irreparable harm, the Magistrate Judge found that TEMPR would suffer irreparable harm to its brand and to its ability to monitor and control the gas station's equipment in the absence of injunctive relief. *Id.*, at 14. The Magistrate Judge also found in favor of TEMPR with regard to the balance of hardships because not issuing an injunction would deprive it of its right as lessee to possess the gas station and would harm its goodwill and market presence. *Id.*, at 14-15. Lastly, the Magistrate Judge concluded that the public interest favors TEMPR because of the risk of trademark confusion among the public and because TEMPR needs to monitor the underground petroleum storage tanks in order to prevent them from causing harm to the public. *Id.*, at 15.

The Magistrate Judge thus recommended that a preliminary injunction issue and that the Helechal defendants be ordered to:

> (1) immediately surrender to TEMPR the service station, the underground storage tanks, and all other equipment therein located, (2) refrain from using, altering, manipulating or removing the TOTALENERGIES brand, trademarks, color patters, trade dress emblems or other identifications, (3) refrain from using, altering, removing or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products, (4) comply with all post termination duties, including, payment of all amounts owed in connection with public utilities, and (5) provide TEMPR copy of all permits issued

by administrative agencies or governmental instrumentalities and account number and copies of invoices for utility services required to operate the station.

*Id.*, at 16.

### C. The Helechal Defendants' Objections.

On January 31, 2024, the Helechal defendants filed their objections to the R&R. **ECF No. 65**. The objections relate mainly to "the assumption of federal question jurisdiction on the interpretation of the franchise agreement while not dismissing the state contractual obligations that have been object of a state civil [complaint] between the same parties filed approximately three (3) months prior to this federal complaint." *Id.*, at 2. Nonetheless, the Helechal defendants' argumentation does not differentiate between federal claims and Commonwealth law claims, but rather reargues (in much the same words) what they had raised in their reply before the Magistrate Judge, mainly, that the dispute was already subject to a prior action between the same parties pending in the courts of the Commonwealth, and that that should move the Court to decline to exercise jurisdiction. The Helechal defendants do not contest the factual underpinnings of the R&R or the terms of the recommended injunction. The principal objection is thus that the Court should not exercise jurisdiction over the dispute.

TEMPR filed an opposition to the Helechal defendants' objections on February 12, 2024. **ECF No. 66**. There, it argued that the Court should adopt the Magistrate Judge's conclusion that it had original jurisdiction over its federal law claims and that the Helechal defendants failed to explain how the Commonwealth court litigation would be a proper forum for their adjudication.

*Id.*, at 7-8. TEMPR further proceeded to argue in favor of adopting the R&R's proposed injunction as recommended by the Magistrate Judge. *Id.*, at 9-14.

**D. Post-R&R Allegations of Non-Compliance with Temporary Restraining Order.**

After the issuance of the R&R, TEMPR has twice raised concerns about Helechal possibly violating the temporary restraining order. On March 15, 2024, TEMPR filed a motion stating, among other things, that it had been informed that "representatives of Helechal were observed removing unidentified equipment and boxes from the station**." ECF No. 68** at 2. TEMPR nonetheless recognized that "[t]here is a real probability that Helechal was simply removing part of its belongings from the station." *Id.*

On April 2, 2024, TEMPR filed an informative motion describing an incident where "a representative of Helechal was present at the station with two (2) trucks, one pertaining to Peerless Oil & Chemicals, Inc. and one to Petro-Taíno Transport, Corp., who expressed the intention of removing or extracting gasoline from the underground storage tanks located therein." **ECF No. 69** at 2. Although the attempted extraction was impeded, TEMPR alleged that the attempt violated the Court's proscription against Helechal "using, altering, removing or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products located at the gas station." *Id.*; *see also* **ECF No. 11** at 6. The Helechal defendants opposed the motion arguing that the gasoline in the tanks belongs to Helechal, is at risk of evaporating, and that the attempted extraction was done in furtherance of

vacating the gas station. **ECF No. 70**. TEMPR replied without leave of Court. **ECF No. 71**; *see* L. Civ. R. 7(c).

## II.      Standard of Review

United States Magistrate Judges are granted authority to make proposed findings and recommendations on a motion for injunctive relief, while the ultimate resolution of the motion remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *accord* L. Civ. R. 72(a)(1). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987)).

To the extent a party's objections amount to no more than general or conclusory objections to the report and recommendation without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen.*

*Motors Hourly–Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also, Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.,* 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.,* 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *U.S. v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.,* 157 F.3d 33, 35 (1st Cir. 1998).

## III.   Discussion

From the outset, the Court notes that the Helechal defendants' objections are a rehash of the arguments already considered by the Magistrate Judge prior to the issuance of the R&R. Indeed, most of the objections are almost a word-by-word repetition of the arguments raised in the reply filed before the Magistrate Judge. *Compare*, *e.g.*, **ECF No. 65** at 4-11, ¶¶ 13-42 with **ECF No. 55** at 2-10, ¶¶ 4-20, 22, 24-32, 34, and 36. Objections to a Magistrate Judge's report and

recommendation "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). In fact, where objections are repetitive of the arguments already made to the Magistrate Judge, *de novo* review may very well be unwarranted. *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236 at *1 (D.P.R. Aug. 7, 2008) ("where a party's objections are simply a repetition of the arguments he made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district court for clear error."); *see also Monfort-Rodríguez v. Hernández*, 286 F. Supp. 2d 119, 121 (D.P.R. 2003) (disregarding a party's objections where it merely "disagree[d] with the Magistrate's factual findings but offer[ed] nothing to bolster their objections except their own interpretation of the evidence" and did not "offer any new substantive arguments in favor of their position.").

Nonetheless, erring on the side of caution and because the main thrust of the objections concerns this Court's subject-matter jurisdiction, the Court has reviewed *de novo* the Helechal defendants' jurisdictional argument concerning the Commonwealth court case and the Magistrate Judge's recommendation that no abstention is required under *Younger*.

## A. The Court has subject-matter jurisdiction.

It is black-letter law that a "court has federal-question jurisdiction over cases that 'aris[e] under' federal law." *Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc.*, 88 F.4th 58, 64 (1st Cir. 2023) (quoting 28 U.S.C. § 1331). Because this jurisdiction "is limited… by the so-called 'well-pleaded complaint' rule, which requires that a federal matter appear 'on the face' of

a plaintiff's complaint," the Court must determine whether the allegations in the verified complaint here evince federal question jurisdiction. *Id.* (citing *R.I. Fishermen's All., Inc. v. R.I. Dep't of Envt'l Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009)).

The Magistrate Judge found that the verified complaint "asserts claims for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for declaratory judgment pursuant to the PMPA, 15 U.S.C. § 2801." R&R, **ECF No. 64** at 6. In doing so, it relied on paragraph 66 of the verified complaint, which reads:

> "Helechal continues to illegally retain possession over the [Gas Station after TEMPR terminated the Franchise Agreements pursuant to the PMPA], partially exhibits the TOTALENERGIES brand, color patterns, and other trademarks, which are still identifiable to costumers, has illegally covered [or] removed said trademark, and … continues to exercise control over the underground storage tanks, and other equipment therein located."

**ECF No. 1**, at 15 ¶ 66. This allegation, by itself, is sufficient to demonstrate that TEMPR raises claims under federal law, but the Court notes that it merely illustrates what is evident from other portions of the verified complaint. *See, e.g., id.*, at 13 ¶ 56, at 14 ¶ 59, at 15 ¶¶ 67-69, at 16-18 ¶ 73, and at 22 ¶ 98. The Court thus has no trouble finding that federal-question jurisdiction is evident from the face of the verified complaint.

**B.  The Court need not abstain under *Younger*.**

An "abstention" in federal court parlance refers to a situation where a federal court declines to exercise its jurisdiction over a case or controversy. Abstention is an exception to "the

virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."
*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Where, as here,
the question of abstention revolves around a pending civil state court proceeding, the *Younger*
abstention doctrine may come into play.[4]

      In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that federal courts may
not enjoin ongoing state criminal proceedings absent exceptional circumstances. This rule has
extended to apply to other types of pending state court proceedings. In *Sprint Commc'ns, Inc. v.
Jacobs*, 571 U.S. 69 (2013), the Supreme Court clarified that the *Younger* abstention doctrine
applies exceptionally and only in three types of cases: "state criminal prosecutions, civil
enforcement proceedings, and civil proceedings involving certain orders that are uniquely in
furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc.
v. Jacobs*, 571 U.S. at 73 (citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491
U.S. 350, 367-68 (1989)) (internal quotation marks omitted). The Supreme Court, moreover,
described these types of cases more fully:

> *Younger* exemplifies one class of cases in which federal-court abstention is
> required: When there is a parallel, pending state criminal proceeding, federal
> courts must refrain from enjoining the state prosecution. This Court has extended
> *Younger* abstention to particular state civil proceedings that are akin to criminal
> prosecutions, see *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482

---

[4] A functionally similar abstention doctrine is that enounced by the Supreme Court in *Colorado River Water
Conservation Dist. v. United States*, 424 U.S. 800 (1976), which is designed to avoid duplicative state and federal court
litigation. However, this doctrine is a narrow one and only applicable in exceptional circumstances, which the Court
doubts could be met here. *See Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27-32 (1st Cir. 2010). In any event, the Helechal
defendants did not raise an argument under *Colorado River*, for which reason the Court need not go any further. *See
Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998) ("The district court is under no obligation to discover or
articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge.)

(1975), or that implicate a State's interest in enforcing the orders and judgments of its courts, see *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

*Id.*, 571 U.S. at 72–73 (2013).

The Helechal defendants rely solely on *Younger* to make their case for abstention. For that reason, the Magistrate Judge proceeded to evaluate under *Younger* whether the Court should abstain and concluded under the applicable test that it should not. *See* R&R, **ECF No. 64** at 7-8. Nevertheless, the Court is of the opinion that analyzing the requirements for a *Younger* abstention was unnecessary because the circumstances present here do not fit within any of the three types of cases to which *Younger* may apply. As the Magistrate Judge described it, the Commonwealth court case captioned *Helechal Gas Station, Inc. v. Teodoro Rivera Robles, et al.*, Civ. Núm. CG2023CV02990, is one "for breach of contract and damages against [codefendants Teodoro Rivera-Robles, Neida Blanco-Rivera, their Conjugal Legal Partnership,] and TEMPR." R&R, **ECF No. 64** at 7 n. 5. The Commonwealth court case is neither an ongoing criminal proceeding, a civil proceeding akin to one, or a case implicating the Commonwealth's interest in enforcing its court's orders or judgments. For this simple reason, there is no justification in law or fact for the Court to apply *Younger* or any of its exceptions.[5]

---

[5] But even if the exceptional *Younger* abstention doctrine were somehow applicable, the Court agrees with the Magistrate Court that the federal forum is more convenient and suitable to address TEMPR's federal claims, which are notably absent from the Commonwealth court action. *See* R&R, **ECF No. 64** at 7-8.

**C. The preliminary injunction as recommended by the Magistrate Judge should issue.**

The Helechal defendants' objections do not specifically refer to or contest the Magistrate Judge's findings of TEMPR's likelihood of success, its risk of irreparable harm, the balance of hardships, or the public interest in relation to the issuance of a preliminary injunction. *See* R&R, **ECF No. 64** at 8-15. Under Fed. R. Civ. P. 72(c) and L. Civ. R. 7(c), the Court is not bound to review *de novo* those parts of the R&R that are not properly objected to and may "accept, reject, or modify, the recommended disposition." Fed. R. Civ. P. 72(c); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). For this reason, finding no clear error in those portions of the R&R, the Court accepts and adopts the Magistrate Judge's findings and recommendation regarding the issuance of a preliminary injunction in favor of TEMPR.

**IV.    Conclusion**

For the reasons stated above, the Court hereby **OVERRULES** the Helechal defendants' objections and **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is hereby **ORDERED** that Helechal Gas Station, Inc.:

1.  Immediately surrender to TEMPR the service station, the underground storage tanks, and all other equipment therein located;

2.  Refrain from using, altering, manipulating or removing the TOTALENERGIES brand, trademarks, color patters, trade dress emblems or other identifications;

3.  Refrain from using, altering, removing or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products, except as provided in paragraph 6 of this Order;

4.  Comply with all post termination duties, including, payment of all amounts owed in connection with public utilities; and

5.  Provide TEMPR copy of all permits issued by administrative agencies or governmental instrumentalities and account number and copies of invoices for utility services required to operate the station.

6.  In addition, the parties are **ORDERED** to coordinate in good faith for the removal and delivery to Helechal Gas Station, Inc. of the petroleum products currently stored in the underground storage tanks already paid for by Helechal, with Helechal bearing the costs of said removal and delivery.

The Court will accept Bond No. 30205970 in the amount of $10,000 submitted by TEMPR on November 28, 2023 (**ECF Nos. 37** and **40**) as appropriate security for this preliminary injunction under Fed R. Civ. P. 65(c).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of April, 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**