## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| TOTALENERGIES MARKETING PUERTO RICO Corp., Plaintiff, v. TEODORO RIVERA-ROBLES, ET AL., Defendants. | Civil No. 23-1566 (ADC) |

## REPORT AND RECOMMENDATION

On April 26, 2024, the Court issued an Opinion and Order granting TotalEnergies Marketing Puerto Rico, Corp.'s ("TEMPR") request for a preliminary injunction. Docket No. 72. Specifically, the Court ordered Helechal Gas Station, Inc. ("Helechal") to: (1) immediately surrender to TEMPR the service station, the underground storage tanks, and all other equipment therein located, (2) refrain from using, altering, manipulating, or removing the TOTALENERGIES brand, trademarks, color patterns, trade dress emblems, or other identifications, (3) refrain from using, altering, removing, or otherwise manipulating the underground storage tanks and other equipment for the storage and dispensing of petroleum products, except as provided in paragraph 6 of the order, (4) comply with all post termination duties, including payment of all amounts owed in connection with public utilities, and (5) provide TEMPR copy of all permits issued by administrative agencies or governmental instrumentalities and account number and copies of invoices for utility services required to operate the station. (6) The parties were also ordered to coordinate in good faith for the removal and delivery to Helechal of the petroleum products stored in the underground storage tanks already paid for by Helechal, with Helechal bearing the cost of said removal and delivery. Docket No. 72.

After issuing the injunction, the parties were supposed to coordinate for Helechal to remove its property from the gas station. However, on June 13, 2024, Helechal filed a motion titled Second Motion Regarding Appropriation of Helechal Property by Total Energies and Request for Remedy.

Docket No. 86. Helechal informed that it had been unable to remove certain property from the gas station and requested compensation and sanctions against TEMPR. Id. TEMPR opposed. Docket No. 87. The Court entered an Order instructing the parties to coordinate in good faith for the removal of the property over which there was no dispute as to Helechal's ownership. The matter was referred to the undersigned "for supervision of the parties' compliance with this Order and, if necessary, for the issuance of a Report & Recommendation on whether any relief in favor of any party should be granted." Docket No. 88. The undersigned held a hearing to July 18, 2024, where the parties agreed to meet and confer on the property to be removed by Helechal, and to a course of action to attempt to streamline and resolve the issues before the Court. See Docket Nos. 99, 100. Thereafter, the parties filed an informative motion on outstanding issues. Docket No. 108. The parties informed that they were able to reach an agreement for Helechal's removal of most of the property but that they had a disagreement as to the ownership of three (3) items, i.e. the walk-in cooler, the air conditioning units, and the Veedor Root monitor. Id. The undersigned asked the parties to inform the Court why preliminary relief on this disagreement is necessary, or whether the parties' rights to the foregoing property could be decided after the conclusion of discovery along with the other controversies pending before the Court. Docket No. 109.

On October 9, 2024, Helechal filed a motion informing that there are at least twelve (12) items that have not been returned by TEMPR, including the three (3) items mentioned in the Court's order. Helechal did not answer the Court's inquiry— why preliminary relief on this disagreement is necessary. Docket No. 110. On October 15, 2024, TEMPR filed an informative motion offering Helechal to retrieve the undisputed items mentioned in Helechal's motion (see Docket No. 113 at pp. 4, 13) and informing that the dispute as to the ownership of the three (3) remaining items (the walk-in cooler, the air conditioning units, and the Veedor Root monitor) should be resolved when the Court adjudicates the parties' rights under the Sublease Agreement (Docket No. 50-2). Docket No. 113 at p. 13. TEMPR further argues that Helechal has not established that the ownership of the walk-in cooler, the air conditioning units, and the Veedor Root monitor property is within the scope of the injunction and that Helechal has not established an independent right to injunctive relief against TEMPR for the return of those items. Id.

The Sublease Agreement granted Helechal the right to use and operate the gas station exclusively for the sale of TOTAL branded gasoline and products (the "Sublease Agreement") and the Sale and Supply Agreement was for Helechal to be able to purchase TOTAL branded gasoline

TotalEnergies v. Rivera-Robles, et al.
Civil No. 23-1566 (ADC)

and products and for the operation of the gas station under the TOTALENERGIES mark ("Sale and Supply Agreement"). The injunction issued by the Court was intended for Helechal to surrender the gas station to TEMPR, refrain from violations of the Petroleum Marketing Practices Act and the Lanham Act and comply with any post-termination duties under the Sublease Agreement and the Sale and Supply Agreement. Disputes over the ownership of property in the gas station require the adjudication of the parties' substantive rights under the Sublease Agreement and the Sale and Supply Agreement. Helechal has requested leave to file a counterclaim against TEMPR "to request compensation from [TEMPR] unilateral actions that have cause substantial damages and loss of property". Docket No. 96. The request for leave is unopposed.

The undersigned thus recommends that the Court refrain from adjudicating Helechal's ownership rights to the walk-in cooler, the air conditioning units, and the Veedor Root monitor until adjudication of the parties' claims on the merits.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections within the specified time may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 26th day of November 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge